```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X
RAOUL MCFALL,                      :
                    Petitioner,    :
                                   :        11 CR 4(VM)
         -against-                 :        20 Civ. 3866 (VM)
                                   :        DECISION AND ORDER
UNITED STATES OF AMERICA,          :
                                   :
                    Respondent.    :
-----------------------------------X
```

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: February 11, 2021
```

**VICTOR MARRERO, United States District Judge:**

On November 16, 2012, the Court sentenced petitioner Raoul McFall ("McFall") to 180 months' imprisonment after his conviction by guilty plea for a drug conspiracy crime and for possessing, carrying, and using, and aiding and abetting the possession, carrying, and use of a firearm, which was discharged, in relation to a drug trafficking crime. On May 14, 2020, McFall, proceeding pro se, filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. (See "Motion," United States v. McFall, No. 11 Cr. 4 (the "Criminal Docket"), Dkt. No. 111; see also "Reply," Criminal Docket, Dkt. No. 117.) The Government opposes McFall's Motion. (See "Opposition," Criminal Docket, Dkt. No. 116.) For the reasons stated below, McFall's Motion is DENIED.

**I.   BACKGROUND**

A.   MCFALL'S PLEA

On April 21, 2011, McFall was charged with the following counts: (1) conspiring to distribute and possess with intent

1

to distribute 280 grams or more of crack, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A) ("Count One"); and (2) possessing a detectible amount of crack with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) ("Count Two"). On October 27, 2011, McFall was further charged with possessing, carrying, and using, and aiding and abetting the possession, carrying, and use of a firearm, which was discharged, in relation to a drug trafficking crime, in violation of 18 U.S.C. §§ 924(c)(1)(A)(iii) and 2 ("Count Three").

McFall subsequently pled guilty to a two-count Superseding Information. The first count was the crack conspiracy previously charged in Count One, but the conspiracy was modified by shortening the conspiracy period and thereby reducing the drug quantity involved in the offense. This change reduced the statutory minimum sentence McFall faced on the drug conspiracy offense from 120 months' imprisonment to sixty months' imprisonment. The second count was the knowing use, carry, and possession of a firearm in furtherance of the drug trafficking conspiracy charged in Count One, as well as the aiding and abetting of the use, carrying, and possession of a firearm, which was discharged, in violation of 18 U.S.C. §§ 924(c)(1)(A)(iii) and 2.

In his plea agreement, McFall agreed to "not file a

direct appeal, nor bring a collateral challenge, including but not limited to an application under Title 28, United States Code, Section 2255 . . . of any sentence within or below the Stipulated Guidelines Range of 190 to 207 months' imprisonment." (Criminal Docket, Dkt. No. 116-1, at 22.) At his plea hearing, McFall confirmed this waiver:

> THE COURT: Do you also understand that under the terms of the plea agreement, if the judge sentences you to a prison term that is 207 months or less, you are giving up your right to appeal that sentence or to challenge it in any other way such as through a writ of habeas corpus?
>
> THE DEFENDANT: Yes.

(Plea Tr. at 15:24-16:4.)

On November 16, 2012, the Court sentenced McFall to sixty months' imprisonment on the first count and 120 months' imprisonment on the second count to run consecutively, followed by four years' supervised release. (Sentencing Tr. at 18-19.) Shortly after, McFall appealed to the Second Circuit, but the appeal was dismissed based on the waiver in McFall's plea agreement. (Criminal Docket, Dkt. No. 86.) The Second Circuit also granted the Government's motion for summary affirmance of the conviction. (Id.)

B.   THE PARTIES' ARGUMENTS

In his Motion, McFall raises four grounds that he argues warrant relief. First, he asserts that there was an

insufficient factual basis for his Section 924(c) conviction. Second, he contends that the extra time he has served on his Section 924(c) conviction should be credited against his outstanding term of supervised release under the First Step Act of 2018. Third, he argues that his Section 924(c) conviction cannot stand in light of United States v. Davis, 139 S. Ct. 2319 (2019). Fourth, he claims that he received ineffective assistance of counsel because his counsel allowed the Court to adopt an incorrect presentence investigation report.

In response, the Government argues that the Motion is procedurally deficient because (1) McFall waived his right to collaterally attack his conviction, and (2) all claims besides McFall's Davis-related claim are barred by the statute of limitations. The Government further argues that none of the grounds raised by McFall warrant relief on the merits.

In his Reply, McFall contends that he has not waived his right to collaterally attack his conviction under the Supreme Court's precedent in Class v. United States, 138 S. Ct. 798 (2018). McFall also argues that his claims are timely under 28 U.S.C. § 2255(h)(1)(2).

## II. LEGAL STANDARD

A.   SECTION 2255'S STATUTE OF LIMITATIONS

Under 28 U.S.C. § 2255, a defendant serving a sentence in federal custody for violation of federal law may bring a motion to "vacate, set aside or correct the sentence." "Motions under Section 2255 are subject to a one-year statute of limitations that runs from several possible dates," Nunez v. United States, 954 F.3d 465, 469 (2d Cir. 2020), including, as relevant here, the date the judgment of conviction becomes final and the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Court and made retroactively applicable to cases on collateral review. 28 U.S.C. § 2255(f)(1), (3).

B.   WAIVER OF THE RIGHT TO COLLATERALLY ATTACK

"A defendant's knowing and voluntary waiver of the right to appeal or collaterally attack his conviction and/or sentence is enforceable." Sanford v. United States, 841 F.3d 578, 580 (2d Cir. 2016). Exceptions to this rule include when the waiver was not made knowingly, voluntarily, and competently; when the sentence was imposed based on constitutionally impermissible factors, such as ethnic, racial, or other prohibited biases; when the Government breaches the plea agreement; or when the sentencing court failed to enunciate a rationale for the sentence, which would amount to an abdication of judicial responsibility. Id.

An exception to the waiver rule exists for certain claims

5

of ineffective assistance of counsel. See United States v. Rosa, 123 F.3d 94, 97 (2d Cir. 1997). "Ineffective assistance of counsel claims are only not waived if they concern the legitimacy of the waiver agreement itself, or counsel's failure to file a direct appeal." See Sanford v. United States, No. 08 Civ. 1788, 2009 WL 2524891, at *2 (E.D.N.Y. Aug. 14, 2009); see also Sharpley v. United States, 355 F. App'x 488, 490 (2d Cir. 2009) (noting that "the underlying plea agreement's waiver of appeal and collateral attack [] ordinarily preclude[s] review" unless a defendant is alleging ineffective "assistance from counsel in deciding to plead guilty" (internal quotation marks and citation omitted)).

A subsequent, favorable Supreme Court decision does not provide an exception to the waiver rule. The Second Circuit has held that "a defendant's inability to foresee a change in the law does not supply a basis for failing to enforce an appeal waiver. On the contrary, the possibility of a favorable change in the law after a plea is simply one of the risks that accompanies pleas and plea agreements." Sanford, 841 F.3d at 180 (internal quotation marks, brackets, and citation omitted).

### III. DISCUSSION

The Court concludes that McFall's Motion must be denied because his claims are barred by either or both the waiver in

his plea agreement and Section 2255's statute of limitations. As such, the Court need not, and does not, address the merits of McFall's claims.

A.   WAIVER

The record in this case shows that McFall's waiver is enforceable. McFall explicitly agreed to "not file a direct appeal, nor bring a collateral challenge, including but not limited to an application under Title 28, United States Code, Section 2255 . . . of any sentence within or below the Stipulated Guidelines Range of 190 to 207 months' imprisonment." The Court sentenced McFall to 180 months' imprisonment, thus triggering the waiver.

In addition, the waiver was knowing and voluntarily made. During the plea hearing, the magistrate court confirmed that McFall had signed the plea agreement and discussed it with his attorney; that he was competent to plead guilty; that he had no questions about his plea; and that he understood that he was waiving his right to collaterally attack the sentence. These facts establish that McFall knowingly and voluntarily agreed to the collateral attack waiver. See Sanford, 841 F.3d at 581.

No other exceptions to the waiver rule apply. McFall makes no argument (nor is there any evidence to support finding) that the sentence was imposed based on

constitutionally impermissible factors, that the Government breached the plea agreement, or that the Court failed to provide a rationale for the sentence. And although McFall brings an ineffective assistance of counsel claim, McFall alleges that his counsel acted deficiently with respect to sentencing, not to the plea agreement. Finally, while McFall also brings a claim based on the 2018 decision in Davis, "a defendant's inability to foresee a change in the law does not supply a basis for failing to enforce an appeal waiver." Sanford, 841 F.3d at 580.

McFall relies on Class v. United States, 138 S. Ct. 798 (2018), to argue that he did not relinquish his right to raise constitutional claims as a result of pleading guilty. In Class, the Supreme Court held that the defendant's guilty plea on its own did not bar him from challenging the constitutionality of the statute of conviction on direct appeal. Id. But Class is easily distinguishable from this case. There, the plea "agreement said nothing about the right to raise on direct appeal a claim that the statute of conviction was unconstitutional." Id. at 802. On the other hand, as explained above, McFall's plea agreement explicitly foreclosed bringing any collateral challenge under 28 U.S.C. § 2255. (Dkt. No. 116-1, at 22.) Therefore, Class cannot be read to invalidate the waiver at issue. See Oliver v. United

States, 951 F.3d 841, 846 (7th Cir. 2020) (explaining that "Class held that a guilty plea, *by itself*, does not implicitly waive a defendant's right to challenge the constitutionality of his statute of conviction," but this "holding did not encompass express waivers of such challenges").

Thus, there is no justification for setting aside the collateral attack waiver in this case. McFall's claims are barred on this basis.

B.   STATUTE OF LIMITATIONS

Even were the claims not foreclosed by McFall's waiver, all but the Davis claim are barred by the statute of limitations. McFall's judgment of conviction became final on September 15, 2014 (when the period for filing for certiorari following issuance of the Second Circuit's mandate ended). See Clay v. United States, 537 U.S. 522, 525 (2003); see also Dkt No. 86. But McFall did not file his Motion until May 2019, over four years after his conviction became final and over three years after the statute of limitations for all but one of his Section 2255 claims expired.[1]

Although McFall seems to argue in response to the Government's Opposition that his claims are timely under 28 U.S.C. § 2255(h)(1)(2), that provision is irrelevant. 28

---

[1] McFall does not argue that the Motion is timely under any other provision of 28 U.S.C. § 2255(f), and the record does not support finding that it is.

9

U.S.C. § 2255(h) does not govern timeliness of a petitioner's first Section 2255 motion; rather, it addresses when a petitioner is allowed to file a second, or successive, Section 2255 motion. Consequently, because this is his first motion, McFall cannot rely on 28 U.S.C. § 2255(h).

Because over one year elapsed between the date on which McFall's judgment of conviction became final and the filing of this Motion, all claims contained in the Motion, with the exception of McFall's Davis claim,[2] are untimely. As such, McFall's claims are barred by either or both the statute of limitations and the plea agreement's waiver, and the Motion must be denied.

## IV.  ORDER

Accordingly, for the reasons stated above, it is hereby

**ORDERED** that petitioner Raoul McFall's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. §

---

[2] To clarify, McFall's claim is only timely if based on the specific right articulated in Davis -- that is, the right to not be convicted under vague residual clause of Section 924(c). See Davis, 139 S. Ct. at 2336. But though timely, that claim is foreclosed by the collateral attack waiver in McFall's plea agreement, as discussed above.

If McFall's argument is instead that the reasoning of Davis should be extended to invalidate Section 924(c)'s drug trafficking provision, that argument is time barred. The Second Circuit has held that the Supreme Court "recognize[s]" a right for purposes of 28 U.S.C. § 2255(f)(3) only if the relied-upon Supreme Court decision addresses the exact statutory provision raised by the petitioner. See Nunez, 954 F.3d at 471 (holding that the petitioner's Section 2255 motion challenging the residual clause of the Career Offender Guideline was untimely because the Supreme Court had not yet held the Guideline's clause to be unconstitutionally vague despite the fact that the Court had struck down identically worded residual clauses in other statutes).

2255 (Criminal Docket, Dkt. No. 111; McFall v. United States, No. 20 Civ. 3866 (the "Civil Docket"), Dkt. No. 1) is **DENIED**.

The Clerk of Court is hereby directed to mail this Order to Raoul McFall, Register Number 64373-054, at Low Security Correctional Institution Allenwood, P.O. Box 1000, White Deer, PA 17857.

**SO ORDERED.**

Dated:   New York, New York
         11 February 2021

_____
Victor Marrero
U.S.D.J.